IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY ROBINSON | : | |
|    Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-2440 |
| WHITE MARSH ARMS | : | |
|    Defendant | : | |

o0o

## MEMORANDUM

The above-captioned civil rights action was filed on September 2, 2005, along with a motion to proceed in forma pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. For reasons which follow, the complaint must be dismissed.

Plaintiff is currently incarcerated on charges of possession of stolen firearms. Paper No. 1. He asserts that an employee of the store where the firearms were purchased with a stolen credit card violated his rights by failing to insist on the immediate detention and arrest of Ms. Beechum, who made the actual purchase. *Id*. at p. 2. He claims that his subsequent arrest would have never occurred if Beechum had been arrested before he arrived at the store to escort Beechum to her car. *Id*. He alleges that the store employee was aware of the fact that the credit card used to buy the firearms was stolen and should somehow have required the police to arrest Beechum immediately. *Id*.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner actions and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v.*

*White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Application of this standard to the instant complaint requires dismissal.

The assertion that a business which has been the victim of a theft is liable for the timing of the thief's arrest is beyond credulity.   There is no colorable federal claim stated in the complaint, nor does it appear that amendment of the claim asserted would change the analysis.[1]

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Plaintiff is reminded that under 28 U.S.C. §1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," unless he is under imminent danger of serious physical injury.

By separate order which follows, the complaint shall be dismissed.  The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.


September 28, 2005  _____/s/_____
Date  William D. Quarles, Jr.
  United States District Judge

---

[1]  *See e.g. Heck v. Humphrey*,  512 U. S. 477 (1994) (claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice).  Thus, amendment to include the Baltimore County Police who made the arrests would not state a cognizable claim.

2